### UNITED STATES of America

v.

### Bernie MIMS, Appellant.

### No. 05–1943.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 25, 2006.

Filed May 12, 2006.

George S. Leone, Mark E. Coyne, Newark, NJ, for United States of America.

James R. Murphy, Princeton, NJ, for Appellant.

Before: SCIRICA, Chief Judge, and NYGAARD, Circuit Judge., and YOHN,* District Judge.

### OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, Bernie Mims, pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 2 and was sentenced to 70 months' imprisonment, 3 years of supervised release and received at $2000 fine and a $100 special assessment. Pursuant to his plea, Mims waived his right to ap-

---

* Honorable William H. Yohn, Jr., Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

peal the District Court's determination of his total offense level if it were 24 or less. Mims' sentence was based upon a total offense level of 21, clearly within the terms of his plea agreement.

Mims' plea agreement is valid and binding on him and us. During his Rule 11 colloquy, Mims' confirmed under oath that he had signed the plea agreement, reviewed it with his attorney and understood it. The record does not support any argument that the plea was either involuntary or unknowing, or that he did not understand the nature of his appellate waiver. He not only stated under oath that he both understood and signed the plea in which the waiver was contained, but he also confirmed his understanding of it at his sentencing. Hence, Mims' waived the right to appeal his sentence. His appeal will therefore be dismissed.[1]

---

1. Because we will dismiss Mims' appeal we need not decide whether, absent an effective appellate waiver, his sentence is reasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).